

# In the
# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,

      Respondent,

v.

LUIS ZETINA-TORRES,

      Appellant.

WD77424

OPINION FILED:

JUNE 9, 2015

**Appeal from the Circuit Court of Saline County, Missouri**
**The Honorable Dennis Allen Rolf, Judge**

**Before Division Three: Mark D. Pfeiffer, PJ., Gary D. Witt, Anthony Rex Gabbert, JJ**

Luis Zetina-Torres appeals from a judgment entered upon a jury verdict convicting him of trafficking in the second degree pursuant to Section 195.223.9, RSMo Cum. Supp. 2009. He asserts two points on appeal. First, he contends that the circuit court erred in overruling his motion for judgment of acquittal at the close of the evidence, and in entering judgment and sentence on the jury's guilty verdict against him for trafficking in the second degree, because there was insufficient evidence that he possessed, knew of, or was aware of the presence of the methamphetamine hidden under the bed liner of the truck that he and Roberto Maldonado-Echeverria were in, or that he acted together with or aided Maldonado-Echeverria in committing trafficking in the second degree. Second, he contends that the court plainly erred in giving Instruction No. 6, which alleged in Paragraph First that Maldonado-Echeverria possessed the

methamphetamine, and which also alleged in Paragraph Third, that Zetina-Torres acted together with or aided Maldonado-Echeverria in committing that offense, because there was no evidence to support either of those propositions. We reverse the circuit court's judgment and discharge the appellant.

## Procedural History and Factual Background

Zetina-Torres was charged in 2010 with trafficking in the first degree in violation of Section 195.222. Zetina-Torres was the owner and driver of a vehicle that he and passenger Maldonado-Echeverria were in when it was stopped by a Highway Patrol officer and a large quantity of methamphetamine was discovered hidden in the liner of the truck bed. Zetina-Torres was charged and tried on the theory that he either acted alone or with co-defendant Maldonado-Echeverria in committing the offense. A jury convicted Zetina-Torres of trafficking in the second degree. Zetina-Torres appealed his conviction alleging insufficient evidence to support the conviction as well as a prejudicial discovery violation by the State. On April 30, 2013, this court issued an opinion regarding that appeal. *State v. Zetina-Torres*, 400 S.W.3d 343 (Mo. App. 2013). Therein, we denied Zetina-Torres's claim that there was insufficient evidence to support his conviction, indicating that there was ample evidence to support that he acted alone in committing the offense, but granted a reversal of his conviction on his claim of a prejudicial discovery violation. *Id.*

Meanwhile, on May 22, 2013, this court issued a mandate regarding Zetina-Torres's co-defendant, Maldonado-Echeverria. *Maldonado-Echeverria*, 398 S.W.3d 61 (Mo. App. 2013).[1] Like Zetina-Torres, Maldonado-Echeverria had been charged with either acting alone or with co-

---

[1]We find inconsistencies in the record as to the spelling of Echeverria; it is spelled as both "Echeverria" and "Echieverra." *See State v. Maldonado-Echeverria*, 398 S.W.3d 61. "Echeverria" appears to be the most accurate spelling of the name.

defendant Zetina-Torres in committing trafficking in the second degree. *Id.* He was convicted after a bench trial and he appealed his conviction to this court. *Id.* He argued that the evidence was insufficient to support his conviction. *Id.* We agreed and reversed his conviction. *Id.* at 68.

Thereafter, on February 13 and 14, 2014, Zetina-Torres was retried by jury. The evidence presented at his second trial was substantially similar to the evidence presented at his first trial and to the evidence presented at Maldonado-Echeverria's trial. At the close of the evidence, Zetina-Torres moved for judgment of acquittal and the court denied his motion.

The case was submitted to the jury on a theory of accomplice liability and required the jury to find Zetina-Torres guilty only if it concluded that, with the purpose of promoting or furthering the commission of trafficking in the second degree, the defendant acted together with or aided Roberto Maldonado-Echeverria in committing that offense. Zetina-Torres was found guilty of trafficking in the second degree and received a jury recommended prison sentence of twenty years. Zetina-Torres appeals.

### Point I:  Insufficient Evidence

In Zetina-Torres's first point on appeal he contends that the circuit court erred in overruling his motion for judgment of acquittal at the close of the evidence, and in entering judgment and sentence on the jury's guilty verdict against him for trafficking in the second degree, because there was insufficient evidence that he possessed, knew of, or was aware of the presence of the methamphetamine hidden under the bed liner of the truck that he and Roberto Maldonado-Echeverria were in, or that he acted together with or aided Maldonado-Echeverria in committing trafficking in the second degree. With regard to his involvement in the crime with Maldonado-Echeverria, Zetina-Torres asserts that the State failed to prove the third element contained in the verdict director, that he "acted together with or aided Roberto Maldonado-

3

Echeverria in committing that offense." Zetina-Torres argues that the State elected to include that element in the verdict director and should, therefore, be required to prove that element. We agree that, based on unique circumstances of this case, there was insufficient evidence to convict Zetina-Torres given the specific verdict director that was submitted to the jury.

The verdict director submitted to the jury stated:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 16, 2010, in the County of Saline, State of Missouri, the defendant or Roberto Maldonado-Echeverria possessed 90 grams or more of any material or mixture containing any quantity of methamphetamine, a controlled substance, and

Second, that defendant knew or was aware of the presence and nature of the controlled substance,

Then you are instructed that the offense of trafficking in the second degree has occurred,

and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of that trafficking in the second degree, *the defendant acted together with or aided Roberto Maldonado-Echeverria in committing that offense*,

Then you will find the defendant guilty of trafficking in the second degree.

(Emphasis added).

As this verdict director is written, it is not truly in the disjunctive as the third element does not say "*acted alone* or acted together with or aided . . . ." Thus, the third element does not allow for the possibility that Zetina-Torres acted alone and required the jury to find that he acted

4

together with or aided Maldonado-Echeverria.  While the verdict director submitted to the jury

purports to be based on MAI-CR 3d 325.14, it is not.  MAI-CR 3d 325.14 applies to trafficking

in the second degree of controlled substances *other than* methamphetamine.  MAI-CR 3d 325.15

is the instruction regarding trafficking in the second degree of methamphetamine.  The verdict

director that was given to the jury in Instruction No. 6 was modeled after MAI-CR 3d 325.15 as

modified by MAI-CR 3d 304.04.  MAI-CR 3d 304.04 is the instruction regarding accomplice

liability.

Notes on Use 4 for MAI-CR 3d 304.04 discusses when to use the instruction.  Notes on

Use 4 references "Notes on Use 9(a) for a discussion of problems that arise when the other

person is not guilty of the offense."  Notes on Use 9(a) states:

9.  Situations NOT covered by MAI-CR 3d 304.04.

(a)  Where the other person is not guilty.

This format of MAI-CR 3d 304.04 covers only those situations where the
defendant is to be held responsible for the conduct of another person <u>and</u> that
other person is also guilty of the offense.  This format does NOT apply to
situations where the defendant is being held responsible for the conduct of another
person and that other person is not guilty because the other person lacks the
required culpable mental state for any degree of the offense. . . .

In such cases, Notes on Use 9(a) states that the ordinary verdict directing instruction for the

offense should be given.  Notes on Use 5(c) for MAI-CR 3d 304.04 states that, where it is not

clear whether the person acted alone or had an accomplice, then the instruction should be

modified by using "acted alone or acted together with or aided" in the paragraph following "then

you are instructed that the offense . . . has occurred . . . ."

Here, the Notes on Use to the MAI were not properly followed.  After this court issued

our mandate finding insufficient evidence that Maldonado-Echeverria committed trafficking in

the second degree, an instruction regarding accomplice liability should not have been submitted to the jury in Zetina-Torres's second trial. Beyond this, an instruction requiring the jury to find Zetina-Torres guilty only if it concluded that he acted together with or aided Maldonado-Echeverria in the offense demands Zetina-Torres's discharge. If there was insufficient evidence to convict Maldonado-Echeverria of the crime, and the evidence at Maldonado-Echeverria's and Zetina-Torres's trials were nearly identical, then there was necessarily insufficient evidence at Zetina-Torres's trial to convict him of acting together with or aiding Maldonado-Echeverria in the crime.

The State argues that Zetina-Torres was charged with acting either alone or knowingly in concert with another person and there was sufficient evidence that he acted alone. We agree. Zetina-Torres was charged as such and, as we concluded on appeal after Zetina-Torres's first trial involving nearly identical evidence, there was sufficient evidence to conclude that Zetina-Torres acted alone in committing the crime. *Zetina-Torres*, 400 S.W.3d at 359-360. Nevertheless, Zetina-Torres's case was not submitted to the jury on that theory. Zetina-Torres's case was submitted to the jury on a theory of accomplice liability and that theory was utilized by the State to introduce evidence at trial. When the State's first witness, the highway patrolman who stopped Zetina-Torres and Maldonado-Echeverria, testified as to statements made by Maldonado-Echeverria, defense counsel objected on hearsay grounds. The State responded:

> THE STATE: My response would be that these are statements of the co-conspirator involved in the trafficking. So as a result, they come in essentially as an admission against – an admission of party opponent.

> DEFENSE COUNSEL: My only issue there is hearsay. His case is completely thrown out, so I don't know that he is a co-defendant.

> THE STATE: For statements by the co-conspirator. The State doesn't have to prove beyond a reasonable doubt that that person is guilty of the offense.

6

THE COURT:  All right.  I'm going to overrule the objection.

Thus, the transcript reflects that the State proceeded with a theory of accomplice liability on an "accomplice" who had already been determined to be non-complicit.  The State may not change its theory of criminal responsibility on appeal.  *State v. Logan*, 645 S.W.2d 60, 63 n.3 (Mo. App. 1982).  We cannot presume on appeal that the jury would have found that Zetina-Torres acted alone in committing the crime simply because the transcript shows evidence of such.  *Id.*  We find that the circuit court erred in denying Zetina-Torres's motion for judgment of acquittal.  Point one is granted.[2]

The judgment of the trial court is reversed, and Zetina-Torres is discharged.

_____
Anthony Rex Gabbert, Judge

All concur.

---

[2]As Zetina-Torres's first point is dispositive, we do not address his second.